**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

---

**WISCONSIN PIPE TRADES HEALTH FUND,**
**WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST,**
**PLUMBERS AND STEAMFITERS LOCAL 118**
**PENSION FUND, PLUMBERS LOCAL 118 TRAINING**
**FUND and JOSHUA BIRONG (in his capacity as Trustee),**

**Plaintiffs,**

**v.** **Case No. 2:26-cv-01677**

**HUNT AND COLLINS, INC.,**

**Defendant.**

---

**COMPLAINT**

---

**NOW COME** Plaintiffs, the WISCONSIN PIPE TRADES HEALTH FUND ("Health Fund"), the WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST ("401(k) Plan"), the PLUMBERS AND STEAMFITTERS LOCAL 118 PENSION FUND, the PLUMBERS LOCAL 118 TRAINING FUND (collectively, the "Funds"), and JOSHUA BIRONG (in his capacity as Trustee), by and through their attorneys, JOHNSON & KROL, LLC, and THE PREVIANT LAW FIRM, S.C., complaining of Defendant HUNT AND COLLINS, INC. ("Hunt & Collins"), and in support, allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management

Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Health Fund and the 401(k) Plan have their principal places of business located, and funds administered, in Milwaukee County, Wisconsin, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Funds' claims occurred in the Eastern District of Wisconsin, Milwaukee Division.

**PARTIES**

3. The Funds receive contributions from numerous employers pursuant to collective bargaining agreements entered into by various employer associations and Locals of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("United Association") and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. Plaintiff Joshua Birong is a trustee and beneficiary of the Funds, as well as a participant and beneficiary within the meaning of ERISA, and as such, has standing to be a Plaintiff in this action. Mr. Birong maintains an office at 3030 39th Street, Room 125, Kenosha, Wisconsin 53144.

7. The Plumbers and Steamfitters Local No. 118 ("Local 118") is the exclusive bargaining representative of Hunt & Collins' plumbers and steamfitter employees working within Local 118's territorial jurisdiction.

8. Defendant Hunt & Collins is a domestic corporation, organized under the laws of the state of Wisconsin, and engaged in business with its principal office located at 2020 University Avenue, Madison, Wisconsin 53726. Its registered agent for process service is Ricky Hunt, located at 2020 University Avenue, Apartment 103, Madison, Wisconsin 53726.

**FACTS RELEVANT TO ALL COUNTS**

9. Hunt & Collins is an employer engaged in an industry affecting commerce and is signatory to the Labor Agreement negotiated between Local 118 and the Mechanical Contractors, S E, Inc. ("Labor Agreement") and all successor agreements negotiated between Local 118 and the Mechanical Contractors, S E, Inc. (A copy of the Labor Agreement in effect from June 1, 2023 through May 31, 2025 is attached as **Exhibit 1**).

10. Pursuant to the Labor Agreement, Hunt & Collins is bound to the Funds' Agreements and Declarations of Trust (as amended) ("Trust Agreements").

11. The Labor Agreement and the Trust Agreements require Hunt & Collins to make contributions and payments to the Funds by the fifteenth (15th) day of the month following the calendar month during which work was performed.

12. Pursuant to the Trust Agreements, the respective Trustees of the Funds established policies and procedures which make employers responsible for payment of liquidated damages of twenty percent (20%) on all untimely remitted contributions and interest of one and one-half percent (1.5%) per month on all untimely remitted contributions.

13. Under the Trust Agreements, specifically the 401(k) Plan's Trust Agreement, Hunt & Collins is required to produce records upon the Trustees' request for purposes of completing a payroll compliance audit. (A copy of the 401(k) Plan's Trust Agreement, effective October 29, 1991 is attached as **Exhibit 2**).

**COUNT I**
**BREACH OF THE LABOR AGREEMENT**
**AND TRUST AGREEMENTS**

14. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 13 of this Complaint with the same force and effect as if fully set forth herein.

15. For the months of July 2024 through September 2024, Hunt & Collins failed to remit payment of contributions to the Funds and, as a result, owes an aggregate total of $58,774.78 to the Funds, as itemized below:

| Month | Fund | Contributions |
|---|---|---|
| 24-Jul | Health Fund | $10,801.52 |
| 24-Jul | 401(k) Plan | $712.52 |
| 24-Jul | Pension Fund | $12,350.00 |
| 24-Jul | Training Fund | 953.40 |
| 24-Aug | Health Fund | $7,453.04 |
| 24-Aug | 401(k) Plan | $491.63 |
| 24-Aug | Pension Fund | $8,521.50 |
| 24-Aug | Training Fund | $2,228.70 |
| 24-Sep | Health Fund | $6,088.64 |
| 24-Sep | 401(k) Plan | $401.63 |
| 24-Sep | Pension Fund | $6,961.50 |
| 24-Sep | Training Fund | $1,820.70 |
| | **Total** | **$58,774.78** |

16. Due to Hunt & Collins' failure to remit contributions, Hunt & Collins owes liquidated damages and interest in an amount to be determined.

17. Hunt & Collins has an ongoing obligation under the Labor Agreement and Trust Agreements

to pay contributions; accordingly, additional contributions, dues, and liquidated damages may become due and owing.

18. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Hunt & Collins.

19. Hunt & Collins is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the Labor Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. That Judgment be entered in favor of Plaintiffs and against Defendant Hunt & Collins in the amount of $58,774.78 for contributions owed for the months of July 2024 through September 2024;

B. That Judgment be entered in favor of Plaintiffs and against Defendant Hunt & Collins in an unknown amount for liquidated damages and interest owed for the months of July 2024 through September 2024;

C. That Judgment be entered in favor of Plaintiffs and against Defendant Hunt & Collins in an unknown amount for any contributions, liquidated damages, interest, and other amounts that may be discovered as due and owing by Defendant Hunt & Collins in addition to the amounts identified in Paragraphs A and B above;

D. That this Court order Defendant Hunt & Collins to pay the reasonable attorneys' fees and costs incurred by Plaintiffs in accordance with the Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as this Court may deem just and equitable

all at Defendant Hunt & Collins' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

**COUNT II**
**BREACH OF THE LABOR AND TRUST AGREEMENTS –**
**FAILURE TO PRODUCE RECORDS**

20. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21. Despite repeated demands by the Funds that Hunt & Collins produce records for a payroll compliance audit covering the period from January 1, 2023 through present, Hunt & Collins has failed to produce the requested records.

22. Hunt & Collins' failure to produce the requested records constitutes a breach of the Labor and Trust Agreements.

23. Hunt & Collins' failure to produce the requested records has prevented the Funds from conducting and completing a payroll compliance audit and from determining the full amount of contributions and other amounts due and owing; accordingly, additional contributions, liquidated damages, interest, dues, and other amounts may be due and owing from Hunt & Collins in amounts to be determined upon completion of the payroll compliance audit.

24. Plaintiffs have been required to employ the undersigned counsel to enforce Hunt & Collins' obligation to produce records requested for the payroll compliance audit.

25. Hunt & Collins is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. That Judgment be entered in favor of Plaintiffs and against Defendant Hunt & Collins for breach of the Trust Agreements by failing to produce records requested for the payroll compliance audit for the period of January 1, 2023 through present;

B. That this Court order Defendant Hunt & Collins to produce all books, records, payroll records, and other documents necessary to complete a payroll compliance audit for the period from January 1, 2023 through present;

C. That Judgment be entered in favor of Plaintiffs and against Defendant Hunt & Collins in an unknown amount for any contributions, liquidated damages, interest, dues, and other amounts that may be determined to be due and owing upon completion of the payroll compliance audit;

D. That this Court order Defendant Hunt & Collins to pay the reasonable attorneys' fees and costs incurred by Plaintiffs in accordance with the Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as this Court may deem just and equitable.

Respectfully Submitted,

**WISCONSIN PIPE TRADES**
**HEALTH FUND,** ***et al.***

/s/ Spencer J. Garner (6349089)
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
141 West Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
T: (312) 320-9420
E: garner@johnsonkrol.com

/s/_Christopher J. Ahrens (1043237)
*One of Plaintiffs' Attorneys*
THE PREVIANT LAW FIRM, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, Wisconsin 53203
T: 414-223-0425
F: 414-271-6308
E: cja@previant.com

/s/ Jeffrey A. Krol (6300262)
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
141 West Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
T: (312) 757-5465
E: jeffkrol@johnsonkrol.com